UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TRINA JONES,**

**Plaintiff,**

**v.** **Case No. 26-CV-1719**

**CHIME STRIDE NATIONAL BANK,**

**Defendant.**

# ORDER

Currently pending before the court is plaintiff Trina Jones's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Jones's request, the court concludes that Jones lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Jones's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting Jones's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

**1. Legal Standards**

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it is obligated to determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept

without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32–33. A court may not dismiss a claim as frivolous "simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**2. Factual Allegations**

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Jones's complaint. The complaint alleges that Chime Stride National Bank (Chime) did not return Jones's money (at least $1,000) to her account after her account was "compromised." (ECF No. 1 at 2.) Jones further alleges that the Federal Deposit Insurance Corporation (FDIC) insured her deposit and that Chime therefore had an obligation to return the money that Marvin Brown took from her account. (ECF No. 1 at 3.)

For relief, Jones requests one hundred thousand dollars for "pain and suffering" and that Chime return the disputed funds. (ECF No. 1 at 4.)

## 3. Analysis

There are two ways for the Eastern District of Wisconsin to have subject matter jurisdiction over Jones's claim. First, this court has jurisdiction over federal claims. 28 U.S.C. § 1331. Second, this court has jurisdiction over state law claims when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1367(a).

It is possible that the court has federal question jurisdiction over this case. Jones alleges that her Chime bank account was compromised and that Chime has an obligation to repay the money taken from it. (ECF No. 1 at 3.) There are certain situations where a consumer would not be liable to a bank for the unauthorized withdrawal of funds. The Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693g(a), limits a consumer's liability to reimburse a bank for unauthorized transfers when the consumer meets certain reporting requirements. And the Truth in Lending Act (TILA) protects credit card users from liability for unauthorized transfers. *See* 15 U.S.C. § 1643. These are just two examples and are by no means an exhaustive list.

However, Jones did not allege facts sufficient to determine how her account was "compromised," how she notified Chime, or if the transfer was unauthorized. (ECF No. 1.) For instance, for the EFTA to apply, consumers must report any unauthorized electric fund transfer within 60 days of "the financial institution's transmittal of the statement" to avoid liability. *Exarhos v. JPMorgan Chase Bank, N.A.*, No. 20-C-7754, 2021

WL 3047152, 2021 U.S. Dist. Lexis 135292, at *5 (N.D. Ill. July 20, 2021) (internal quotations omitted) (quoting 12 C.F.R. § 205.6(b)(3)). The TILA only applies to unauthorized use of a *credit card*. 15 U.S.C. § 1643(a)(1). Because Jones gave no details about how her account was compromised, the court cannot determine if there was an unauthorized transfer to which either the EFTA or the TILA apply.

Jones suggests that, because Chime is FDIC insured, there is an obligation to return her disputed funds. (ECF No. 1 at 3.) However, the purpose of FDIC insurance is to protect consumers' deposits in case of bank failure, not from their accounts being compromised by a bad actor. *Understanding Deposit Insurance*, FDIC (April 1, 2024) https://www.fdic.gov/resources/deposit-insurance/understanding-deposit-insurance. Therefore, Chime's FDIC insured status has no bearing on whether this court has federal subject matter jurisdiction over Jones's claim.

Even liberally construing Jones's complaint, she has failed to state a claim upon which relief may be granted in this court because she has not established a basis for federal subject matter jurisdiction. The Seventh Circuit Court of Appeals has emphasized that the district court generally should afford a plaintiff at least one opportunity to amend the complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). The court will allow Jones to file an amended complaint if she wishes to proceed with a federal action against Chime. If she files an amended complaint, it will replace the prior complaint and

must be complete without reference to the original complaint. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021).

**4. Conclusion**

**IT IS THEREFORE ORDERED** that Jones's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Jones must file an amended complaint with the court no later than **October 27, 2026. If Jones fails to do so the court will recommend that her complaint be dismissed.**

**IT IS FURTHER ORDERED** that all of Jones's filings with the court shall be uploaded to the electronic filing system or mailed to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Jones should also retain a personal copy of each document.

Jones is further advised that failure to comply with all deadlines in this matter may have serious consequences, up to and including the loss of certain rights or the dismissal of this entire action.

In addition, Jones must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 6th day of October, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge